# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ERIC CHAPMAN,<br><br>    Defendant. | No. CR08-3041-LRR<br><br>**DETENTION ORDER** |

This matter came on for detention hearing on October 15, 2008. Assistant U.S. Attorney Shawn Wehde appeared on behalf of the plaintiff (the "Government"). The defendant Eric Chapman appeared in person with his attorney, Chad Primmer. The Government offered the testimony of ATF Special Agent Kerri Hoogendoorn.

The court must determine whether any condition or combination of conditions will reasonably assure Chapman's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846,848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Chapman as required and the safety of the community if the court finds there is probable cause to believe Chapman committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1). The probable cause element of section 3142(e) that triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented

at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the evidence indicates Chapman received stolen weapons, and he also was involved in a scheme to defraud a fellow criminal. He has a previous felony drug offense, and on several occasions, he has failed to comply with conditions set by a court. In addition, he was on supervision throughout the entire time period during which the charged conduct took place. Further, Chapman has failed to offer any evidence to rebut the presumption that he is a danger to the community. Viewing the record as a whole, the court finds nothing to indicate Chapman would be able to refrain from continuing to engage in criminal activities if he were released.

Accordingly, the court finds the Government has proved by a preponderance of the evidence that Chapman is a flight risk, and by clear and convincing evidence that Chapman would be a danger to the community if released. Therefore, the court finds the following:

1. Chapman is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Chapman reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Chapman to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Chapman must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 28th day of October, 2008.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT